IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

WARREN CRAIG AUSTIN,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

---

## COMPLAINT

---

Plaintiff, Warren Craig Austin, by and through his attorneys, Keating Wagner Polidori Free, P.C., hereby submits his Complaint. He states and alleges as follows:

### INTRODUCTION

1.   This action arises out of a motor vehicle collision caused by United States Postal Service employee David M. Lewis, while acting within the course and scope of his employment with the United States Postal Service, on January 11, 2014. The collision occurred at the intersection of Wadsworth Boulevard and West 4th Avenue in Lakewood, Colorado.

### PARTIES, JURISDICTION AND VENUE

2.   Plaintiff Warren Craig Austin ("Plaintiff Austin" or "Plaintiff") is a citizen of the State of Colorado. His address is 20103 East 43rd Avenue, Denver, Colorado.

3.   Plaintiff Austin brings this Complaint against Defendant, United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671 and 2680.

4.   Plaintiff exhausted his administrative remedies by filing a timely notice of claim with the United States Postal Service. See Exhibit 1, Correspondence from Diana K. Mowery, Tort

Claim Representative for the United States Postal Service, dated January 8, 2016; Exhibit 2, Correspondence from Jeff Glass, Tort Claims Examiner/Adjudicator for the United States Postal Service, dated January 8, 2016.

5.     Plaintiff's claim was administratively denied by the United States Postal Service by correspondence dated September 6, 2016.  See Exhibit 3, Correspondence from Patrick C. Sullivan, Tort Claim Examiner/Adjudicator for the United States Postal Service, dated September 6, 2016.

6.     This Court has jurisdiction over this claim against the United States of America for money damages pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671 and 2680.

7.     Venue is proper pursuant to 28 U.S.C. § 1402(b), as plaintiff resides in this judicial district and the acts and omissions complained of herein occurred in this judicial district.

## ALLEGATIONS

8.     On January 11, 2014, Plaintiff Austin was traveling southbound on Wadsworth Boulevard in Lakewood, Colorado.

9.     On the same date and at the same time, United States Postal Service employee David M. Lewis ("Mr. Lewis"), while acting within the course and scope of his employment with the United States Postal Service, was driving a United States Postal Service van northbound on Wadsworth Boulevard.

10.   At the intersection of Wadsworth Boulevard and West 4th Avenue, Mr. Lewis attempted to make a left-hand (westbound) turn onto West 4th Avenue as Plaintiff Austin's vehicle was approaching from the north.

11.   Mr. Lewis failed to yield to Plaintiff Austin's right-of-way, and the United States Postal Service van he was driving collided with the driver's side of Plaintiff Austin's vehicle.

12.   The events described in paragraph 8 through 11 are hereinafter referred to as the "Collision."

13.   The Lakewood Police Department investigated the Collision and determined that Mr. Lewis was at fault for causing the Collision.

14.   Mr. Lewis was cited for failing to yield to Plaintiff Austin's right-of-way when making a left turn in violation of Colorado Revised Statute § 42-4-702 and Section 10.06.020 of the Lakewood Municipal Code.

15.   As a direct and proximate result of the Collision, Plaintiff Austin suffered personal injuries.

16.   As a direct and proximate result of the Collision, Plaintiff Austin obtained the services of, and incurred expenses for, doctors and other medical expenses.  Plaintiff Austin will continue to incur such expenses in the future.

17.   As a direct and proximate result of the Collision, Plaintiff Austin has incurred out-of-pocket expenses, and he will continue to incur such expenses in the future.

18.   As a direct and proximate result of the Collision, Plaintiff Austin sustained a loss of earnings and/or loss of earning capacity.

19.   As a direct and proximate result of the Collision, Plaintiff Austin suffered a loss of enjoyment of life, emotional distress, inconvenience, and pain and suffering, and he will continue to suffer these losses in the future.

20.   As a direct and proximate result of the Collision, Plaintiff Austin suffered, and will continue to suffer in the future, injuries resulting in physical impairment and/or physical disfigurement.

21.   As a direct and proximate result of the Collision, Plaintiff Austin's vehicle was damaged.

## CLAIM FOR RELIEF

22.   Plaintiff Austin incorporates by reference the preceding paragraphs as though more fully set forth herein.

23.   At all times material to this Complaint, Mr. Lewis had a duty to use reasonable care and prudence in the operation of the motor vehicle he was driving.

24.   On January 11, 2014, Mr. Lewis breached his duty of reasonable care and prudence by negligently and carelessly failing to yield to Plaintiff Austin's right-of-way when making a left turn at the intersection of Wadsworth Boulevard and West 4th Avenue in Lakewood, Colorado.

25.   As a direct and proximate result of Mr. Lewis's negligent and careless conduct, the United States Postal Service van driven by him collided with the driver's side of Plaintiff Austin's vehicle.

26.   By causing the Collision, Mr. Lewis's conduct violated Colorado law and local ordinances, including, but not limited to, Colorado Revised Statute § 42-4-702 and Section 10.06.020 of the Lakewood Municipal Code.

27.   The laws enumerated in paragraph 26, and other relevant statutes and ordinances, were enacted for the public's safety.

28.   Plaintiff Austin is a member of the class of persons that the laws enumerated in paragraph 26, and other relevant statutes, were enacted to protect.

29.   Plaintiff Austin's injuries are of the kind that the laws enumerated in paragraph 26, and other relevant statutes, were enacted to prevent.

30.     As a direct and proximate result of the conduct of Mr. Lewis, Plaintiff Austin suffered the injuries, damages, and losses which are more fully set forth in paragraphs 15 through 21 of this Complaint.

31.     The acts and omissions of Mr. Lewis, a federal employee acting within the course and scope of his employment, described herein constitute the torts of negligence and negligence per se under the laws of the State of Colorado.

32.     Under the Federal Tort Claims Act, Defendant United States of America is liable for the acts and omissions of Mr. Lewis, a federal employee acting within the course and scope of his employment, described herein.

WHEREFORE, Plaintiff Austin prays for judgment against Defendant United States of America for damages in an amount yet to be determined, plus pre- and post-judgment interest as provided by Colorado law, costs, expert witness fees, attorneys' fees and such other and further relief as this Court deems proper and just.

Respectfully submitted this 10th day of November 2016.

KEATING WAGNER POLIDORI FREE, P.C.

By: _____
Deirdre E. Ostrowski, No. 39132
Melissa J. Sullivan, No. 39190
1290 Broadway, Suite 600
Denver, CO  80203
Telephone: (303) 534-0401
Facsimile: (303) 534-8333
Email:  DEO@keatingwagner.com
Email:  Msullivan@keatingwagner.com

Plaintiff's Address:
20103 East 43rd Avenue
Denver, Colorado  80249

# EXHIBIT 1

*ACCIDENT & TORT CLAIMS INVESTIGATION*
*CO / WY DISTRICT*

 **UNITED STATES POSTAL SERVICE.**

January 8, 2016                    **Certified Mail:** 7008 1140 0001 4513 7581

Keatin, Wagner, Polidori, Free, P.C.
Attn: Melissa J. Sullivan
1290 N. Broadway Ste., # 600
Denver, CO 80203-5606

| RE: | **Notice of Case File Forwarding** |
|---|---|
| USPS Case #: | 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A |
| Date of Incident: | 01/11/2014 |
| Your Client: | Mr. Warren C. Davis |
| Claim Amount: | $1,796,558.42 |

This is to acknowledge receipt of your correspondence for damages against the United State Postal Service. This case file #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A has been forwarded to our National Tort Claim Unit in St Louis, Missouri. An adjudicator in that office will be contacting you.

Subject correspondence is being processed pursuant to the Federal Tort Claims Act. Your file will be given careful consideration by the appropriate adjudicating authority, which has up to six months from the date you submission was received in order to affect resolution.

You will be advised of the action taken upon completion of adjudication. Please be advised, counsel fees for claims presented under the Federal Tort Claims Act are regulated by statute, 28 U.S.C. § 2678.

**Please direct any future correspondence to the following address:**

**National Tort Center**
**1720 Market St., Ste. # 2400**
**St Louis, MO 63155-9948**

Should you have any questions or concerns please contact them at 314-345-5835. Thank you in advance for your assistance with this matter.

Sincerely,

Diana K. Mowery
Tort Claim Representative (A)

Enclosures

cc: Accident Claim

*7500 E. 53RD PLACE # 1138*
*DENVER, CO 80266-9334*
*TEL: 303.853.6784*
*FAX: 303.853.6440*

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code |
|---|---|
| Chief Counsel, Torts, General Law Service Center<br>USPS National Tort Center<br>1720 Market Street, Room 2400<br>St. Louis, MO 63155-9948 | Warren Craig Austin<br>20103 East 43rd Avenue<br>Denver, CO 80249 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>08/16/1957 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>01/11/2014  Saturday | 7. TIME (A.M. OR P.M.)<br>1:20 PM |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

See attached letter from Keating Wagner Polidori Free, PC

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Same

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Claimant's 1995 BMW 525I sustained an anticipated $7,059.98 in damage to the left front fender, left door and rear quarter panel. The BMW is in Claimant's possession.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See attached letter from Keating Wagner Polidori Free, PC

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| Jennifer Mulhuaser | Unknown at this time |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 7,059.98 | 1,789,498.44 | | 1,796,558.42 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side).<br>*Melissa J. Sulli*  Legal Representative/ Attorney for Claimant | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br>(303) 534-0401 | 14. DATE OF SIGNATURE<br>01/06/2016 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicles or property.

15. Do you carry accident insurance?  [X] Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.    [ ] No

USAA, 9800 Fredericksburg Road, San Antonio, TX  78288
Policy No.: 1325 81 83

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  [X] Yes   [ ] No    | 17. If deductible, state amount.

I notified my automobile insurance carrier of a potential Uninsured/Underinsured Motorist claim.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)
UM/UIM claim is held in abeyance pending the resolution of the underlying liability matter.

19. Do you carry public liability and property damage insurance?   [ ] Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code)    [ ] No

Upon information and belief, the only insurance coverage applicable to this collision on behalf of Claimant is the UM/UIM coverage under the policy listed in item 15 above, which policy does not include property damage coverage for the involved vehicle.

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all items - insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose: The information requested is to be used in evaluating claims.
C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

# EXHIBIT 2

LAW DEPARTMENT
NATIONAL TORT CENTER

 **UNITED STATES POSTAL SERVICE**

January 8, 2016

Melissa J. Sullivan
Keating Wagner Polidori Free, P.C.
1290 Broadway, Suite 600
Denver, CO 80203

Re:   Your Client:        Warren Austin
      Date of Incident:   January 11, 2014

Dear Ms. Sullivan:

Please be advised that the administrative claim filed on behalf of Warren Austin with the United States Postal Service on January 7, 2016 has been assigned to my office for adjudication.

I am currently in the process of reviewing this claim in order to make the determination as to any legal liability on the part of the Postal Service for the injuries sustained by your client. This claim will be adjudicated as soon as possible, but be aware that the Postal Service has six months from January 7, 2016 in which to adjudicate this claim. Should you have any additional information you wish to submit that would be helpful in the review of this matter, please forward same to my attention at the National Tort Center, United States Postal Service, 1720 Market Street, Room 2400, St. Louis, Missouri 63155-9948.

Sincerely,

Jeff Glass
Tort Claims Examiner/Adjudicator
Tel: 314/345-5835

cc:   Yen Ha
      Tort Claim Coordinator

RECEIVED

JAN 1 2 2016

KEATING WAGNER POLIDORI FREE

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO 63155-9948
TEL: 314/345-5835
FAX: 314/345-5893

# EXHIBIT 3

LAW DEPARTMENT
NATIONAL TORT CENTER


UNITED STATES
POSTAL SERVICE

**CERTIFIED NO. 70161370000013242810**
**RETURN RECEIPT REQUESTED**

September 6, 2016

Ms. Meredith Sullivan
Attorney at Law
1290 Broadway, Suite 600
Denver, CO 80203

Re:   Your client:        Warren "Craig" Austin
      Date of Incident:   January 11, 2014

Dear Ms. Sullivan:

This is in reference to the administrative claim you filed on behalf of your above-referenced client under the provisions of the Federal Tort Claims Act as a result of injuries and damages allegedly sustained on January 11, 2014.

The above-referenced administrative claim is denied on the grounds that we were not able to reach a mutually satisfactory settlement of this claim.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action.  Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above.   Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO  63155-9948
TEL.  314/345-5820
FAX: 314/345-5893

- 2 -

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

Patrick C. Sullivan
Tort Claim Examiner/Adjudicator

cc:   Yen Ha
      Tort Claims Coordinator
      File No. 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A